17-1660-cr
United States v. Vazquez

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty.

PRESENT: GUIDO CALABRESI,
    RAYMOND J. LOHIER, JR.,
    RICHARD J. SULLIVAN,
    *Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

    *Appellee,*

  v.            No. 17-1660-cr

JUSTIN VAZQUEZ,

    *Defendant-Appellant.*

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:   M. Kirk Okay, The Okay Law
                Firm, Batavia, NY.

FOR APPELLEE: Tiffany H. Lee, Monica J. Richards, Assistant United States Attorneys, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Justin Vazquez appeals from a May 18, 2017 judgment of conviction of the United States District Court for the Western District of New York (Geraci, C.J.), following a jury trial at which Vazquez was found guilty of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   This case was last before us in 2019 when we rejected Vazquez's challenge on hearsay grounds to the District Court's admission of a 911 call and affirmed his conviction.   United States v. Vazquez, 763 F. App'x 136 (2d Cir. 2019).   After our decision, Vazquez filed a petition for a writ of certiorari.   In February 2020 the Supreme Court granted the petition, vacated our decision, and remanded to this Court for reconsideration in light of the Supreme Court's prior

2

decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). Vazquez v. United States, 140 S. Ct. 992 (2020) (mem.). On remand, we ordered letter briefing on the relevance of Rehaif to this appeal. We now conclude that Rehaif does not require vacatur of Vazquez's conviction, and we reinstate our prior decision as amended herein. We assume the parties' familiarity with the underlying facts and the full record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

1. Rehaif Challenge

In Rehaif, the Supreme Court held that under 18 U.S.C. §§ 922(g) and 924(a)(2) the Government must prove "that the defendant knew he possessed a firearm and also that he knew he had the relevant [prohibited] status when he possessed it." 139 S. Ct. at 2194. In view of Rehaif, the Government was required to prove that, at the moment he possessed the firearm, Vazquez knew that he "ha[d] been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1).

Vazquez now argues that the Government's failure at trial to prove Vazquez's knowledge of his prohibited status as a former felon and the District

3

Court's failure to instruct the jury on the knowledge element requires that we vacate his conviction and order a new trial. We disagree. We considered and rejected a nearly identical challenge in United States v. Miller, 954 F.3d 551 (2d Cir. 2020), which also involved a defendant convicted under §§ 922(g)(1) and 924(a)(2) following a jury trial. The defendant in Miller stipulated to the fact of his prior felony conviction, the Government introduced no other evidence concerning his prohibited status, and the defendant contested neither the sufficiency of the evidence against him nor knowledge of his own prohibited status as a former felon. Id. at 558–59. Taking our cue from Rehaif, we concluded that the jury instructions, to which the defendant also did not object, were "clearly erroneous in their omission of the government's obligation to prove [the defendant's] knowledge of his status as a former felon." Id. at 558. We nevertheless affirmed the conviction based on the fourth prong of plain error review, which requires a showing that "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 557–58 (quotation marks omitted). We reasoned as follows:

> Under the circumstances, we do not think that rejecting [the defendant's] argument will seriously affect the

4

fairness, integrity, or public reputation of judicial proceedings. To the contrary, we think that accepting it would have that effect. Because [the defendant] stipulated to his § 922(g)(1) qualifying status, at trial he likely would have sought to exclude, and would have been successful in excluding, the details pertaining to his prior offense as unnecessary and prejudicial embellishment on his stipulation. We will not penalize the government for its failure to introduce evidence that it had but that, prior to Rehaif, it would have been precluded from introducing.

Id. at 559–60. Considering the record as a whole, we then concluded that the actual facts of the defendant's prior conviction "remove[d] any doubt that [the defendant] was aware of his membership in § 922(g)(1)'s class." Id. at 560.

Like the defendant in Miller, Vazquez was convicted of violating §§ 922(g)(1) and 924(a)(2) after a jury trial, stipulated to the fact of his prior felony conviction, did not object to jury instructions that became erroneous under Rehaif, and did not otherwise challenge the sufficiency of the evidence against him. And on top of the felony conviction to which he stipulated, which resulted in a sentence of two to four years' imprisonment, Vazquez had two other prior felony convictions, one of which also resulted in a sentence of imprisonment of two to four years. Under these circumstances, it is "highly improbable" that Vazquez was unaware of his prohibited status. Id. at 559. As in Miller, we

5

therefore conclude that Vazquez has not satisfied the fourth plain error prong.

2. Hearsay

Vazquez's original appeal challenged the District Court's admission of a 911 call from Dorene Arroyo, Vazquez's mother. During the call Arroyo said that Vazquez had been holding her hostage with a loaded gun for three days and asked for the police to come immediately. Relying on the hearsay exceptions for present sense impressions and excited utterances, see Fed. R. Evid. 803(1)–(2), the District Court admitted the 911 call as evidence of Vazquez's possession of the gun, the only contested element of the offense at trial.

The District Court did not abuse its discretion in admitting the 911 call as a present sense impression under Rule 803(1) of the Federal Rules of Evidence. See United States v. Jones, 299 F.3d 103, 112–13 (2d Cir. 2002). The present sense impression exception to the rule against hearsay requires that the statement be made "while or immediately after the declarant perceived" the event or condition at issue. Fed. R. Evid. 803(1). Arroyo's statement during the 911 call easily qualifies. During the call Arroyo described in real time that she felt that Vazquez posed an imminent threat to her safety, even though he was in the shower at the

time.   See Brown v. Keane, 355 F.3d 82, 89 (2d Cir. 2004).   The call was also separately admissible as an excited utterance under Rule 803(2) of the Federal Rules of Evidence, which requires the declarant to be "under the stress of excitement caused by the event or condition" when making the statement. United States v. Scarpa, 913 F.2d 993, 1017 (2d Cir. 1990) (quotation marks omitted).   Here, the record of the 911 call clearly establishes that Arroyo was terrified.   She whispered, cried, and pleaded for the police to come "immediately," and the officers who found her confirmed that she was crying and upset.   Under these circumstances, we again conclude that the District Court did not abuse its discretion in admitting the 911 call under either the present sense impression or the excited utterance exceptions to the hearsay rule.   See Jones, 299 F.3d at 113.

We have considered all of Vazquez's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court

7